# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2782

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Victor Henderson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2005
Filed: May 26, 2005

_____

Before LOKEN, Chief Judge, RILEY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Victor Henderson pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base from January 1, 2001 through August 30, 2003, in violation of 21 U.S.C. § 846. Based on Henderson's prior convictions, the presentence investigation report calculated Henderson's criminal history at category V. The district court[1] found that category V substantially over-represented the seriousness of Henderson's criminal history. Departing downward, the district court sentenced

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Henderson as a category IV offender and imposed a sentence of 188 months' imprisonment and 5 years supervised release. We affirm.

Henderson argues on this appeal, as he did in the district court, that because of *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004), the jury, not the judge, should have determined whether his prior convictions were related to the instant offense. If related to the instant offense, the prior convictions could not be counted against Henderson for purposes of criminal history point calculation. The United States Sentencing Guidelines provide that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2 cmt. n.3. The district court found that Henderson's prior convictions were unrelated and consequently countable. Henderson contends that finding had to be made by a jury beyond a reasonable doubt.

When Henderson was sentenced, the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), was pending and it was unclear whether and to what extent *Blakely* would apply to the United States Sentencing Guidelines. The applicability of *Blakely* to the Guidelines is no longer in question. In *Booker*, the Supreme Court instructed that under the federal sentencing guidelines, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. The Court invalidated the Guidelines under the Sixth Amendment to the extent that they were applied in a mandatory manner. *Id.* at 764. While district courts are no longer bound to apply the Guidelines, the Guidelines must be consulted and taken into account when sentencing. *Id.* at 767. *Booker* also reaffirmed the exception in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), for prior convictions. *Booker,* 125 S. Ct. at 756. *See also Shepard v. United States*, 125 S. Ct. 1254, 1262–63 (2005) (affirming *Apprendi* exception for prior convictions).

It is undisputed that the prior sentences used to determine Henderson's criminal history level were separated by intervening arrests. Thus, the district court did not make any factual findings which run afoul of the Sixth Amendment in determining that Henderson's prior sentences were unrelated. The non-constitutional *Booker* violation in this case, *i.e.*, the district court's failure to treat the Guidelines as advisory, was harmless as Henderson received a downward departure to a reasonable sentence. The district court's sentence is affirmed.

———————————————