# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2018

_____

United States of America,     *
    *
         Appellee,     *
    *
      Appeal from the United States
       v.     *
      District Court for the
    *
      Western District of Missouri.
Anthony D. Paden,     *
    *
         Appellant.     *

_____

Submitted: November 6, 2002
Filed: June 6, 2003

_____

Before HANSEN,[1] Chief Judge, BEAM and SMITH, Circuit Judges.

_____

HANSEN, Circuit Judge.

## I.

Anthony Paden pleaded guilty to being a felon in possession of a firearm. Over his objection, the district court[2] assigned him a Category IV criminal history based

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

[2]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

on convictions in two prior cases for armed criminal action, assault in the first degree, and unlawful use of a weapon. On appeal, Paden argues that the district court erred by refusing to consider his prior sentences as related under United States Sentencing Guidelines § 4A1.2(a)(2) because his criminal actions in the prior cases were part of a single common scheme or plan and because the cases were functionally consolidated.

In the first of his prior convictions, Paden pleaded guilty to assault in the first degree and armed criminal action based on a shooting that occurred on January 1, 1990. His second prior conviction for unlawful use of a weapon resulted from a car stop on January 5, 1990, during which police discovered that Paden possessed the .22 caliber revolver used in the January 1 shootings. Paden pleaded guilty to these offenses on the same day, and the state court ordered that his sentences run concurrently.

## II.

A district court's "determinations with respect to the offenses in a criminal history computation are factual determinations and are subject to a 'clearly erroneous' standard of review." United States v. Lowe, 930 F.2d 645, 646- 47 (8th Cir. 1991). We hold that the district court's computation of Paden's prior convictions was not clearly erroneous.

Application Note 3 to § 4A1.2 defines related cases as those that "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S. Sentencing Guidelines Manual § 4A1.2, comment. (n.3) (2001). Paden's prior convictions fit none of these definitions. They occurred on occasions five days apart. Paden's convictions were not part of a single common scheme or plan. The elements of the crimes and the actions of Paden in committing the crimes were different. The fact that the same gun was involved in both cases is insufficient to characterize the crimes as related. "[A] single common

2

scheme or plan involves something more than simply a repeated pattern of conduct." United States v. Maza, 93 F.3d 1390, 1400 (8th Cir. 1996) (internal quotations omitted), cert. denied, 519 U.S. 1138 (1997); see also United States v. Mau, 958 F.2d 234, 236 (8th Cir. 1992) ("[S]imilar crimes are not necessarily related crimes." (internal quotations omitted)).

Finally, although the pleas were entered on the same day and the sentences were ordered to be served concurrently, the cases proceeded under separate docket numbers and were never formally consolidated. See United States v. Klien, 13 F.3d 1182, 1185 (8th Cir.) ("[T]wo or more sentences imposed at the same time are not related for purposes of § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation." (internal quotations omitted)), cert. denied, 512 U.S. 1226 (1994). Paden argues that we should adopt the Seventh Circuit's "functional consolidation" approach because it has been impliedly approved by the Supreme Court in Buford v. United States, 532 U.S. 59, 61 (2001) (citing United States v. Joseph, 50 F.3d 401, 404 (7th Cir.), cert. denied, 516 U.S. 847 (1995)). We decline to read Buford so expansively, and believe that, at most, it only established a deferential standard for reviewing district court consolidation decisions.

### III.

The district court did not err by counting Paden's prior convictions separately in its criminal history calculation. Paden's sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3