# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3578

_____

United States of America,           *
                                   *

         Appellee,            *

                                   *    Appeal from the United States

      v.                   *    District Court for the

                                   *    District of Nebraska

Gailyn Bass,                 *

                                   *       [UNPUBLISHED]

         Appellant.         *

_____

Submitted: May 18, 2004
Filed: July 6, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Gailyn Bass appeals from the final judgment entered in the District Court[1] for the District of Nebraska upon a jury verdict finding him guilty of conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture containing cocaine base, in violation of 21 U.S.C. § 846. The district court sentenced Bass to 210 months imprisonment and 5 years supervised release. For reversal Bass argues (1) there was insufficient evidence to support his conviction; (2) the Assistant United States Attorney (AUSA) asked a witness improper questions relating to race

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

during the trial; and (3) the district court erred in including in his criminal history score a void juvenile conviction.  For the reasons discussed below, we affirm the judgment of the district court.

We conclude that the evidence, viewed most favorably to the verdict, was sufficient to support Bass's conviction.  See United States v. Ramirez, 350 F.3d 780, 783 (8th Cir. 2003) (standard of review).  Eight witnesses testified about Bass's involvement in the sale of crack cocaine and the amounts they saw him buy or sell.  Although all of the witnesses testified pursuant to plea agreements in exchange for lighter sentences, the jury was aware of the plea agreements and any inconsistencies between the witnesses' trial testimony and prior statements.  See  United States v. Rodriguez-Mendez, 336 F.3d 692, 696 (8th Cir. 2003) (credibility of witnesses is to be determined by jury); United States v. Tensley, 334 F.3d 790, 794-95 (8th Cir. 2003) (testimony of co-conspirators with plea agreements was sufficient to support jury's determination of guilt on conspiracy charge).

We also conclude that no plain error occurred when, on redirect examination, the AUSA asked Sergeant Michael Garnett whether "crack cocaine distribution tends to take place in Lincoln, Nebraska, in the African-American community." See United States v. Griffith, 301 F.3d 880, 883 (8th Cir. 2002) (plain error is unobjected-to error so prejudicial as to have affected defendant's substantial rights, resulting in miscarriage of justice), cert. denied, 537 U.S. 1225 (2003).  Bass's counsel had questioned Garnett on cross-examination about the use of undercover officers as an investigative tool in drug cases.  The AUSA then elicited Garnett's response to the above question--and his confirmation that no African-American undercover officers worked in the Lincoln narcotics unit during the relevant time--in an apparent effort to show why undercover officers had not been used in Bass's case. Cf. United States v. Womochil, 778 F.2d 1311, 1315 (8th Cir. 1985) (when cross-examination results in false impression left on jury, government may clarify issue on redirect even if it includes presentation of otherwise inadmissible evidence).

Finally, we conclude that the district court did not clearly err by including Bass's juvenile conviction in his criminal history score without certifying to the Nebraska Supreme Court a question regarding the validity of the conviction. See United States v. Paden, 330 F.3d 1066, 1067 (8th Cir. 2003) (standard of review); United States v. Strange, 102 F.3d 356, 362 (8th Cir. 1996) (defendant is not permitted to challenge prior conviction in federal sentencing proceeding unless defendant claims previous conviction was obtained following unconstitutionally unsound waiver of counsel).

Accordingly, we affirm.

_____