# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-2942

———————

United States of America                    *
                                             *
            Appellant,                       *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    Northern District of Iowa.
Thomas Eugene Mills, Jr.,                     *
                                             *
            Appellee.                        *

———————

Submitted: March 10, 2004
Filed: July 13, 2004

———————

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

———————

SMITH, Circuit Judge.

Thomas Eugene Mills Jr. pleaded guilty to one count of conspiracy to distribute methamphetamine. The United States requested the district court to sentence Mills as a career criminal pursuant to United States Sentencing Guideline ("U.S.S.G.") § 4B1.1 due to his three prior burglary convictions. The district court, however, determined that these prior crimes were part of a "single common scheme or plan" under U.S.S.G. § 4A1.2 sufficient to disqualify Mills as a career criminal. On appeal, the government challenges the district court's determination that Mills's three prior burglary convictions were part of a single common scheme or plan. We reverse and remand for resentencing.

## I. *Background*

After Mills pleaded guilty, the probation office prepared a presentence investigation report ("PSR") stating that Mills had three prior Iowa state burglary convictions.[1] The PSR scored three criminal history points for Mills's third-degree burglary conviction in Clay County, one point for his second-degree burglary conviction in Clay County, and three points for his burglary conviction in Kossuth County, for a total of seven criminal history points. Mills also earned two additional points for two unrelated assault convictions.

At sentencing, Mills testified that he committed the three burglaries during a six-month period within a sixty-mile radius in two different counties.[2] Mills testified that two people accompanied him on all three burglaries and a third person accompanied him on one. They did not always steal cash, but sometimes took electronic items. None of the buildings were occupied during the burglaries. They specifically chose times of day when no one would be in the buildings. None of the participants were armed, carried explosive devices, or inflicted an injury upon any

---

[1] Mills committed one burglary in Kossuth County and two burglaries in Clay County. On February 26, 1992, Mills broke into a commercial building in Kossuth County and stole a microwave and a rifle, for which he was charged with second-degree burglary. In Clay County, Mills and others burglarized a high school and stole $501.69 on April 17, 1992, for which he was charged with second-degree burglary. Mills and one other person broke into a Clay County restaurant on September 2, 1992, and stole $500. Mills was charged with third-degree burglary for this offense. Mills pleaded guilty to both of the Clay County charges, which were charged in one information. He was sentenced on December 20, 1992, for the two crimes. When he pleaded guilty and was sentenced in the Kossuth County case on January 11, 1993, the judge ran the sentence concurrently with Mills's sentences in the Clay County cases.

[2] Mills was also involved in burglaries in other counties for which he was required to pay restitution.

victim. They chose rural buildings because they "wouldn't have to worry about running into anybody."

The district court determined that the burglary offenses were part of a single common scheme or plan. As a result, Mills no longer qualified as a career criminal under U.S.S.G. § 4B1.1. His criminal history calculation went from category VI to category IV; his offense level went from 34 to 31; his sentencing range went from 262 to 326 months to 151 to 188 months. After the government recommended a sentence reduction pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e),[3] the district court sentenced Mills to eighty months' imprisonment.

## II. *Analysis*

The government appeals the district court's determination that Mills's three prior burglaries were part of a single common scheme or plan, thus eliminating the effect of two of those convictions and reducing Mills's criminal history category from a VI to a IV. The government argues that the district court erred in determining that Mills's three prior burglary convictions were part of a single common scheme or plan pursuant to U.S.S.G. § 4A1.2.[4] Specifically, the government contends that the district

---

[3] The government reserved the right to appeal the district court's determination that Mills was not a career criminal after finding that the three burglaries were part of a single common scheme or plan.

[4] Mills raises two additional issues on cross-appeal. He argues that we should revisit our per se rules that burglary of a commercial building is a crime of violence for purposes of determining career-offender status and that a sentencing court must enter a formal order of consolidation before we will consider underlying convictions consolidated for sentencing purposes. Preliminarily, we note that "[i]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." *Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002) (citing *United States v. Prior*, 107 F.3d 654, 660 (8th Cir. 1997)). Therefore, on the first issue, we have determined that burglary of a commercial building is a "crime of violence" as defined in U.S.S.G. § 4B1.2. *United States v. Blahowski*, 324 F.3d 592, 594–595 (8th Cir. 2003); *United*

court erred in relying on a Second Circuit case and in disregarding Eighth Circuit case law to conclude that the crimes were connected. Mills responds that the district court properly determined that his three burglaries were part of a single common scheme or plan, whether using the Second Circuit's or the Eighth Circuit's factors.

We review the district court's factual findings for clear error and its application of the guidelines to the facts de novo. *United States v. Orchard*, 332 F.3d 1133, 1139 (8th Cir. 2003). A district court's "determinations with respect to the offenses in a criminal history computation are factual determinations and are subject to a 'clearly erroneous' standard of review."*Paden*, 330 F.3d at 1067; *United States v. Lowe*, 930 F.2d 645, 646–47 (8th Cir. 1991). We review for clear error a district court's determination of whether the government has proven that a defendant's prior crimes were unrelated. *United States v. Maza*, 93 F.3d 1390, 1400 (8th Cir. 1996); *United States v. Lublin*, 981 F.2d 367, 371 (8th Cir. 1992).

---

*States v. Sun Bear*, 307 F.3d 747, 753 (8th Cir. 2002); *United States v. Peltier*, 276 F.3d 1003, 1006 (8th Cir.), *cert. denied* 537 U.S. 862 (2002); *United States v. Nation*, 243 F.3d 467, 471, n.1 (8th Cir. 2001); *United States v. Stevens*, 149 F.3d 747, 749 (8th Cir. 1998); *United States v. Hascall*, 76 F.3d 902, 906 (8th Cir. 1996).

On the second issue, we require a sentencing court enter a formal consolidation order to consolidate multiple convictions for sentencing purposes. Sentencing Guideline § 4A1.1 notes that "prior sentences imposed in related cases are to be treated as one sentence . . . ." Sentences are considered related if they "were consolidated for trial or sentencing." *Id*. cmt. n.3. However, two or more sentences imposed at the same time "are not related for purposes of § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation." *United States v. Klein*, 13 F.3d 1182, 1185 (8th Cir. 1994); *see also, e.g., United States v. Paden*, 330 F.3d 1066, 1067 (8th Cir. 2003) (court required formal order of consolidation and rejected Seventh Circuit's "functional consolidation" approach to consolidation); *United States v. Piggie*, 316 F.3d 789, 796 (8th Cir. 2003) (formal order of consolidation required). Although Mills's prior state cases were resolved with one plea agreement, the trial court did not formally consolidate the cases. Therefore, we must reject his arguments on appeal.

-4-

Persons who are convicted of a crime of violence or a controlled substance offense and who have two prior felony convictions for such crimes are sentenced as "career offenders." U.S.S.G. § 4B1.1. Prior felony convictions are counted separately for career offender purposes if they "are counted separately under the provisions of § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(3). However, under U.S.S.G. § 4A1.2(a)(2), "prior sentences imposed in related cases are to be treated as one sentence." To determine whether prior sentences are related, U.S.S.G. § 4A1.2, cmt. n.3 provides, "[P]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." Furthermore, "a single common scheme or plan involves something more than simply a repeated pattern of conduct." *Maza*, 93 F.3d at 1400 (internal quotations omitted); *see also Lowe*, 930 F.2d at 647 ("[S]imilar crimes are not necessarily related crimes."); *United States v. Mau*, 958 F.2d 234, 236 (8th Cir. 1992).

The district court relied upon *United States v. Brothers*, 316 F.3d 120 (2d Cir. 2003), in reaching its conclusion that Mills's prior burglary convictions were part of a "single common scheme or plan."[5] However, Eighth Circuit case law compels the conclusion that Mills's prior burglaries were not part of a single common scheme or plan. *See, e.g., Paden*, 330 F.3d at 1067 (shooting on January 1 and unlawful use of the same weapon on January 5 were not "related cases" under U.S.S.G. § 4A1.2 because they occurred five days apart, the elements of the crimes and the defendant's

---

[5] The Second Circuit listed nine factors to be considered when deciding whether prior criminal convictions constituted a "single common scheme or plan" under U.S.S.G. § 4A1.2: (1) the time period within which the offenses took place, (2) the participants involved, (3) the victims targeted, (4) the motive, (5) the modus operandi, (6) the geographic location of the crimes, (7) the substantive offenses committed, (8) whether the acts were uncovered by a common investigation, and (9) whether the offenses were jointly planned. *Brothers*, 316 F.3d at 123–24. These same considerations appear throughout our circuit's case law.

actions were different, and the fact that the same gun was involved in both cases was insufficient to characterize the crimes as related); *United States v. Bartolotta*, 153 F.3d 875, 879 (8th Cir. 1998) (three burglaries and robberies committed by defendant and others were unrelated because they did not occur on the same occasion, were not part of a single plan, and were not formally consolidated below); *Maza*, 93 F.3d at 1400 (defendant's two prior drug convictions in California and Arizona were unrelated because they occurred on different occasions almost six months apart in different states, they involved different customers, the crimes were not "consolidated for trial or sentencing" because no formal order of consolidation was issued, and the cases proceeded to sentencing under separate docket numbers); *Mau*, 958 F.2d at 236 (two prior drug distribution offenses unrelated when they occurred within a year's period because it "would lead to the illogical result that a defendant who is repeatedly convicted of the same offense on different occasions could never be considered a career offender under the guidelines" and the crimes were not formally combined for sentencing); *Lublin*, 981 F.2d at 371 (we affirmed the district court's determination that the defendant's prior federal crime for unlawful transportation of firearms was not related to his prior state court conviction for stealing a car although defendant stole the car to transport the guns); *Lowe*, 930 F.2d at 647 (six prior convictions for forging bad checks over a two-year period to financial institutions in several locations via an identical modus operandi were not part of a single common scheme or plan).

Even the Second Circuit in *Brothers* affirmed the district court's determination that the defendant's prior robbery convictions were not part of a single common scheme or plan. The *Brothers* court noted that although the defendant's convictions were for robberies in the same city and were motivated by greed, none of the other facts–including that the robberies took place five weeks apart, included different participants, targeted different victims, and resulted in separate convictions– supported the conclusion that the crimes were part of a single common scheme or plan. *Brothers*, 316 F.3d at 124. The court also noted that the defendant presented no

evidence regarding the specific manner in which the crimes were carried out, the planning of those crimes, or the investigations that led to defendant's arrest. *Id.*

Although Mills's prior burglaries included the same participants using a similar modus operandi, the three crimes took place over a six-month period, were committed in different counties against different victims, and were not formally consolidated for disposition at trial or sentencing. In addition, although generally the same actors committed the burglaries, they did not plan all three burglaries at the same time. Again, "similar crimes are not necessarily related crimes." *Lowe*, 930 F.2d at 647.

## III. *Conclusion*

Mills's six-month crime spree does not establish a common scheme or plan under the Sentencing Guidelines. As such, the district court erred in determining that Mills's prior crimes were part of a "single common scheme or plan" for sentencing purposes, and we reverse and remand for resentencing.

_____