# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2380

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Gary Davidson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 13, 2005
Filed: February 9, 2006

_____

Before LOKEN, Chief Judge, WOLLMAN, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Davidson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2) (Count 1); possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(D), and 851, and 18 U.S.C. § 2 (Count 3); and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 5). On appeal, Davidson contends that the district court[1] erred in applying the sentencing guidelines and that the sentence imposed is unreasonable. We affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

## I.

Law enforcement officers found marijuana and a firearm in the trunk of a car Davidson was driving. Following Davidson's guilty plea, the district court sentenced him to 120 months' imprisonment for Count 1, 120 months' imprisonment for Count 3, and 60 months' imprisonment for Count 5. The district court ordered these terms to be served consecutively, resulting in a total sentence of 300 months' imprisonment.

In computing Davidson's criminal history, the district court treated two felony prior drug convictions as unrelated offenses. The first offense occurred on September 25, 1998, when Davidson sold less than 30 grams of marijuana within 1,000 feet of an elementary school in Fort Wayne, Indiana. On December 22, 1998, Davidson possessed with intent to deliver more than 30 grams, but less than 10 pounds, of marijuana within 1,000 feet of a different elementary school in Fort Wayne, eight miles away from the location of the first incident. Davidson pled guilty to these offenses at the same time and was sentenced for both on the same day. The two charges proceeded under separate docket numbers and were never formally consolidated. Based on the district court's criminal history finding, Davidson's sentence was within the applicable guideline range.

Davidson argues that the district court erred in considering the two prior drug convictions to be unrelated offenses. Davidson also argues that his sentence was unduly harsh in light of his acceptance of responsibility, making it unreasonable under the § 3553(a) sentencing factors. See 18 U.S.C. § 3553(a). The government responds that this court has no jurisdiction to review a sentence within the properly calculated guideline range, and, even if jurisdiction exists, the sentence was correctly calculated and reasonable.

## II.

On appeal of a sentence, we review *de novo* the district court's application of the sentencing guidelines and its factual findings for clear error. <u>United States v. Hadash</u>, 408 F.3d 1080, 1082 (8th Cir. 2005). We first ask whether the district court correctly applied the guidelines in determining the applicable guideline sentencing range. <u>Id.</u> If the district court correctly applied the guidelines, we then consider whether the sentence was reasonable in light of the § 3553(a) factors. <u>Id.</u>

## A.

We first consider whether the district court properly applied the sentencing guidelines. Davidson argues that the district court erred in considering the two 1998 drug offenses to be unrelated when calculating Davidson's criminal history. Sentences imposed in related cases are treated as one sentence, while those imposed in unrelated cases are counted separately. U.S.S.G. § 4A1.2(a)(2). Cases are considered related if "they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n.3).

Davidson's two prior drug offenses do not fulfill any of these three conditions. The two incidents did not occur on the same occasion. <u>See</u> <u>United States v. Paden</u>, 330 F.3d 1066, 1067 (8th Cir. 2003). The two incidents were also not consolidated for trial and sentencing. We have repeatedly held that formal consolidation is necessary to satisfy this prong. <u>See</u> <u>Paden</u>, 330 F.3d at 1068; <u>United States v. Nicholson</u>, 231 F.3d 445, 456 (8th Cir. 2000); <u>United States v. Klein</u>, 13 F.3d 1182, 1185 (8th Cir. 1994); <u>United States v. McComber</u>, 996 F.2d 946, 947 (8th Cir. 1993). We are not free to reconsider those precedents today. <u>See, e.g.,</u> <u>Singleton v. Norris</u>, 108 F.3d 872, 873 (8th Cir. 1997).

Finally, the two offenses were not part of a single common scheme or plan, as that term is used in § 4A1.2. We have listed several factors that should be considered in determining whether prior criminal convictions are part of a single scheme or plan. These factors include: (1) the time period within which the offenses took place, (2) the participants involved, (3) the victims targeted, (4) the motive, (5) the modus operandi, (6) the geographic location of the crimes, (7) the substantive offenses committed, (8) whether the acts were uncovered by a common investigation, and (9) whether the offenses were jointly planned. United States v. Mills, 375 F.3d 689, 692 n.5 (8th Cir. 2004). In weighing these factors, we are mindful that "a single common scheme or plan involves something more than simply a repeated pattern of conduct." United States v. Maza, 93 F.3d 1390, 1400 (8th Cir. 1996) (internal quotations omitted). In Mills, we held that a series of burglaries were unrelated even though they involved a similar modus operandi and the same offenders. 375 F.3d at 693. We considered the time between the incidents, the different victims involved, the different locations, and the evidence of common planning of the crimes. Id.; cf. United States v. Ali, 951 F.2d 827, 828 (7th Cir. 1992) ("'[S]cheme' and 'plan' are words of intention, implying that the [crimes] have been jointly planned, or at least that it have been evident that the commission of one would entail the commission of the other as well."). The Seventh Circuit has noted that the purpose of this test is "to identify the less dangerous criminal" and observed that "[a] criminal is not less dangerous because his crime is part of a spree." Ali, 951 F.2d at 828.

The Mills factors support the district court's determination that Davidson's crimes were separate offenses. Davidson's two prior drug crimes were separated by time, distance, and parties involved. They were separate, though similar, crimes committed by a serial criminal with no evidence presented of common planning. As in Mills, these crimes were not part of a common scheme or plan. As a result, Davidson's challenge to the district court's application of the sentencing guidelines must fail.

**B.**

We next decide whether the sentence is reasonable in light of the factors in 18 U.S.C. § 3553(a).[2] Hadash, 408 F.3d at 1082. A sentence within the guideline range is presumptively reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005). To rebut that presumption, Davidson must show that the district court failed to consider a relevant factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or otherwise committed a clear error of judgment. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005).

Davidson's sole argument for unreasonableness is based on the district court's alleged decision to sentence him to the "maximum sentences allowed" despite his timely acceptance of responsibility. The essential premise of his argument, however, is mistaken. Davidson's claim that he received the maximum sentence rests on a belief that Count 5 (possession of a firearm in furtherance of a drug trafficking offense) carries a statutory maximum sentence of 60 months. To the contrary, the statutory minimum for this offense is 60 months. See 18 U.S.C. § 924(c)(1)(A)(i) (providing that anyone who possesses a firearm in furtherance of a drug trafficking offense "be sentenced to a term of imprisonment of not less than 5 years"). The statutory maximum is life imprisonment. See United States v. Sandoval, 241 F.3d 549, 551 (7th Cir. 2001); United States v. Pound, 230 F.3d 1317, 1319 (11th Cir. 2000). Davidson thus has failed to rebut the presumption of reasonableness.

The sentence is affirmed.

_____

[2]We recently rejected the government's jurisdictional argument in United States v. Mickelson, No. 05-2324, slip op. (8th Cir. Jan. 6, 2006). An unreasonable sentence is a sentence "in violation of law" and is therefore subject to review under 18 U.S.C. § 3742(a)(1). Slip op. at 3.