# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2040

_____

United States of America,

            Appellee,

    v.

Gabino Nuno-Alvarez, also known as
Gavino Nuno-Alvarez,

            Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*       [UNPUBLISHED]
\*
\*

_____

Submitted: May 30, 2006
Filed: June 5, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Gabino Nuno-Alvarez (Nuno-Alvarez) pled guilty to conspiring to distribute 50 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count 1); and possessing with the intent to distribute 50 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 3). The district court[1] sentenced Nuno-Alvarez to concurrent sentences of 87 months in prison and 4 years of supervised release. On

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

appeal, Nuno-Alvarez's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). Citing United States v. Booker, 543 U.S. 220 (2005), Nuno-Alvarez asserts the district court should have granted a downward variance from the advisory Guidelines range due to Nuno-Alvarez's (1) status as a deportable alien which makes him ineligible for a period of home confinement toward the end of his term of imprisonment, to earn time off through a drug treatment program, and to serve any of his sentence in a minimum security facility; (2) self-incriminating cooperation with law enforcement; and (3) inevitable deportation and relocation of his family to Mexico.

We review Nuno-Alvarez's post-Booker sentence for reasonableness. When, as here, the district court has correctly determined the Guidelines range, we review the resulting sentence for reasonableness. See United States v. Claiborne, 439 F.3d 479, 481 (8th Cir. 2006); see also United States v. Dalton, 404 F.3d 1029, 1032 (8th Cir. 2005) (reasonableness standard of review mandated by Booker is equated to abuse-of-discretion standard of review).

We hold Nuno-Alvarez's sentence was not unreasonable. First, the sentence was at the bottom of the properly calculated Guidelines range. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable; defendant bears burden to rebut presumption of reasonableness), cert. denied, 126 S. Ct. 840 (2005). The presumption has not been and could not be rebutted because nothing in the record indicates the district court failed to consider a relevant factor, considered an improper or irrelevant factor, or made a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors. See United States v. Davidson, 437 F.3d 737, 741 (8th Cir. 2006) (setting forth requirements to rebut presumption). The district court considered each of the section 3553(a) factors and in its discretion, determined Nuno-Alvarez's status as a deportable alien, his cooperation with authorities, and his familial obligations did not warrant a downward variance from the advisory Guidelines range. See United States

v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006) (rejecting defendant's assertion the district court failed to consider adequately his personal history and troubled family life, holding sentence was reasonable as court considered each section 3553(a) factor and determined defendant's claims did not "necessitate[] deviation from the suggested guidelines sentence"); United States v. Fernandez, 443 F.3d 19, 34 (2d Cir. 2006) (concluding although the sentencing court had the power to reduce the sentence under section 3553(a) based on defendant's cooperation, "the court was not obliged to provide any such benefit"); United States v. Laufle, 433 F.3d 981, 988 (7th Cir. 2006) (holding although different sentencing court may have given more weight to defendant's cooperation, disagreement with the court's assessment does not warrant reversal since "[o]ur task is confined to determining whether the district court considered the appropriate range of factors and arrived at a reasonable sentence"); United States v. Mares, 441 F.3d 1152, 1161 (10th Cir. 2006) (concluding the sentencing court was not obligated to apply a non-Guidelines sentence based on defendant's personal history and familial obligations); cf. United States v. Sebastian, 436 F.3d 913, 915-16 (8th Cir. 2006) (ruling the district court considered all section 3553(a) factors and sentenced accordingly; sentencing disparity due to the availability of "fast-track" programs for convicted immigration offenders in certain judicial districts, but not to defendant, did not render his sentence unreasonable).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____