# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1541

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Wanda F. Thompson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 13, 2006
Filed: November 22, 2006

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Wanda F. Thompson pleaded guilty to conspiracy to distribute OxyContin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. The district court[1] sentenced her to 110 months imprisonment, below the advisory guideline range of 135-168 months. On appeal, Thompson argues the district court erred in determining her offense level by applying a four-level "organizer or leader" enhancement and by not

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

applying a two-level "safety-valve" reduction. She also argues the district court imposed an unreasonable sentence. We affirm.

Prior to sentencing, Thompson objected to the recommended leadership enhancement for her role as "an organizer or leader of a criminal activity that involved five or more participants." U.S. Sentencing Guidelines (U.S.S.G.) § 3B1.1(a) (2004). In response, the government called a detective who testified Thompson had recruited individuals to visit doctors, told them what to say to get OxyContin pills, and received a portion of the pills from at least some of the recruits. The detective also identified more than four people other than Thompson who were involved in the OxyContin scheme. After the detective testified, the district court determined Thompson was a leader in the conspiracy.

"On appeal of a sentence, we review de novo the district court's application of the sentencing guidelines and its factual findings for clear error." United States v. Davidson, 437 F.3d 737, 739-40 (8th Cir. 2006). Thompson contends she was not an "organizer or leader" because the evidence did not show she influenced more than two of the persons named in the presentencing report and any such influence did not rise to the level necessary for her to be deemed an organizer or leader. Thompson argues at least four people must have been under her influence for the enhancement to apply. We disagree. "[F]or the enhancement to apply, at least five people must have been involved in the operation, but only one of those people needs to have been under the defendant's direction." United States v. Morin, 437 F.3d 777, 781 (8th Cir. 2006); see also U.S.S.G. § 3B1.1 cmt. 2 ("To qualify for an adjustment . . . the defendant must have been the organizer [or] leader . . . of one or more other participants."). Thompson concedes the evidence before the district court showed she was addicted to OxyContin and "referred other [O]xy[C]ontin addicts to . . . two doctors with whom she dealt, advising them on what to say to get a prescription, and in return sometimes got a part of the pills they obtained" and "sometimes sold them" to a co-conspirator. Appellant's Br. 11-12. We find the district court did not err in finding this evidence

sufficient to establish Thompson was an "organizer or leader" under U.S.S.G. § 3B1.1(a) of at least one other participant. Moreover, because the detective identified four or more participants besides Thompson, the district court did not commit clear error in finding five or more participants were involved in the criminal activity. Thus, the district court did not err in applying the leadership enhancement.

Thompson's assertion that the district court erred in not applying "safety valve" relief also fails. The two-level reduction Thompson seeks under U.S.S.G. § 2D1.1(b)(7) only applies where a defendant meets the criteria set forth in § 5C1.2. Among the § 5C1.2 criteria is the requirement that "the defendant was not an organizer [or] leader . . . of others in the offense." Because we affirm the district court's application of the leadership enhancement, it follows she was not eligible for safety-valve relief.

Finally, we reject Thompson's challenge to the reasonableness of her sentence. We review the reasonableness of a sentence for an abuse of discretion. United States v. Lee, 454 F.3d 836, 838 (8th Cir. 2006). Thompson contends the district court's 25-month downward variance did not go far enough given she is a drug addict who also has bipolar disorder and no significant criminal history. After reviewing the sentence in light of the 18 U.S.C. § 3553(a) factors, we find the district court did not abuse its discretion in rejecting Thompson's request to deviate downward more than 25 months.

We therefore affirm the district court.

_____