# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3184

_____

United States of America,           *
                                     *
            Appellee,                *
                                     *    Appeal from the United States
      v.                             *    District Court for the
                                     *    Eastern District of Missouri.
Martin Lima-Pacheco,                 *
                                     *         [UNPUBLISHED]
            Appellant.               *

_____

Submitted: May 24, 2007
Filed: May 29, 2007

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Martin Lima-Pacheco pleaded guilty to illegal reentry into the United States after deportation subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326. Having calculated a Guidelines imprisonment range of 70-87 months, the district court[1] sentenced him to 75 months. Lima-Pacheco appeals, arguing that his sentence is unreasonable because the district court did not consider relevant 18 U.S.C. § 3553(a) factors that should have received significant weight. We disagree.

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

See <u>United States v. Booker</u>, 543 U.S. 220, 261-62 (2005) (appellate review for unreasonableness).

The record shows that the district court properly considered the undisputed advisory Guidelines range, the nature of the offense, the defendant's circumstances and history (including repeated unlawful entries, deportations, and imprisonment), sentencing objectives (especially deterrence), and the need to avoid unwarranted sentence disparities. We hold that the sentence the district court then imposed is not unreasonable. <u>See</u> <u>United States v. Davidson</u>, 437 F.3d 737, 741 (8th Cir. 2006) (addressing consideration of § 3553(a) factors); <u>United States v. Sebastian</u>, 436 F.3d 913, 915-16 (8th Cir. 2006) (with regard to determination "that certain disparities are warranted," recognizing both Congress's policymaking power and Attorney General's prosecutorial discretion).

Accordingly, the judgment is affirmed.

_____