# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3228

_____

United States of America,

          Appellee,

v.

Stacey Ladon Brown,

          Appellant.

\*  
\*  
\*  
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Arkansas.
\*  
\*   [UNPUBLISHED]
\*  

_____

Submitted: December 23, 2009
Filed: December 30, 2009

_____

Before MURPHY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Stacey Ladon Brown appeals the 155-month sentence the district court[1] imposed after he pled guilty to knowingly possessing with intent to distribute more than 50 grams of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Brown's sentence was based in part on a downward departure under U.S.S.G. § 5K1.1. Brown's counsel seeks permission to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Brown has filed a pro se supplemental brief arguing that the district

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

court erred in sentencing him as a career offender under the Guidelines, and that his attorney was ineffective and coerced his guilty plea. He has also moved to supplement the record.

We conclude the district court did not abuse its discretion in sentencing Brown to 155 months in prison. See United States v. Berni, 439 F.3d 990, 993 (8th Cir. 2006) (per curiam) (appellate court reviews sentences involving § 5K1.1 downward departure for reasonableness using abuse of discretion standard; sentence is reasonable where district court correctly calculated Guidelines range, permissibly applied § 5K1.1 departure, and considered resulting adjusted range and § 3553(a) factors). We also conclude the court correctly determined that Brown was a career offender under the advisory Guidelines. See U.S.S.G. § 4B1.1 (career-offender elements); United States v. Adams, 509 F.3d 929, 932-33 (8th Cir. 2007) (robberies that occurred at different locations, different times, and with different victims, although similar in modus operandi, were separate offenses for purposes of determining § 4B1.1 career offender status). Finally, we decline to review Brown's claims that his counsel was ineffective and coerced his guilty plea. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings); United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (claim that ineffective assistance of counsel rendered guilty plea involuntary is more properly raised in § 2255 proceedings).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and affirm. We also grant Brown's motion to supplement the record.

_____