# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3283

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Alfonz C. Dawson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 2, 2012
Filed: April 5, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Alfonz Dawson challenges the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is greater than necessary to serve the goals of 18 U.S.C. § 3553(a).

_____

[1]The Honorable Gregory Kays, United States District Judge for the Western District of Missouri.

Upon careful review, we conclude that the district court committed no procedural error in sentencing Dawson, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate court reviews sentencing decision for abuse of discretion, first ensuring that district court committed no significant procedural error, and then considering substantive reasonableness of sentence; describing factors demonstrating procedural error), and that the court imposed a substantively reasonable sentence, see id. (if sentence is within Guidelines range, appellate court may apply presumption of reasonableness); United States v. Davidson, 437 F.3d 737, 741 (8th Cir. 2006) (to rebut presumption of reasonableness, defendant must show that district court failed to consider relevant factor that should have received significant weight, gave significant weight to improper or irrelevant factor, or otherwise committed clear error of judgment).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue. Accordingly, we affirm the judgment and grant counsel leave to withdraw, subject to counsel informing Dawson about procedures for seeking rehearing and petitioning for a writ of certiorari.

_____