# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2154

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey C. Schultz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 16, 2012
Filed: November 30, 2012
[Unpublished]

_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jeffery Schultz directly appeals the sentence the District Court[1] imposed after he pleaded guilty to a drug charge. His counsel has filed a brief under Anders v.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

California, 386 U.S. 738 (1967), challenging the court's classification of Schultz as a career offender. Schultz has filed a pro se supplemental brief raising issues related to his career-offender classification, the reasonableness of his sentence, and the effectiveness of his counsel.

Upon careful review of the issues raised, we conclude that the District Court did not err in classifying Schultz as a career offender based upon two qualifying prior convictions. See U.S.S.G. § 4A1.2(e)(1) (instructing that in computing criminal history, count any prior prison sentence exceeding one year and one month that resulted in the defendant being incarcerated within fifteen years of commencement of the instant offense); see also United States v. Adams, 509 F.3d 929, 931 (8th Cir. 2007) (noting that a district court's interpretation and application of Guidelines is reviewed de novo and its findings of fact are reviewed for clear error). We conclude that Schultz's sentence is not unreasonable. See United States v. Feemster, 572 F.3d 455, 460-62 (8th Cir. 2009) (en banc) (describing appellate review of sentences). To the extent Schultz asserts a claim of ineffective assistance of counsel, we decline to address that claim on direct appeal because it would be addressed more appropriately in a 28 U.S.C. § 2255 proceeding. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (noting that appellate court ordinarily defers ineffective-assistance claim to § 2255 proceedings).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____