# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1195
_____

United States of America

*Plaintiff - Appellee*

v.

Donald David Walters, also known as Dabo, also known as D, also known as DD

*Defendant - Appellant*

_____

No. 13-1208
_____

United States of America

*Plaintiff - Appellee*

v.

Donald David Walters, also known as Dabo, also known as D, also known as DD

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 23, 2013
Filed: October 24, 2013
[Unpublished]
_____

Before SHEPHERD, MURPHY, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Donald David Walters pled guilty to two consolidated counts of conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). At sentencing Walters was assessed a criminal history point for a 2001 driving while intoxicated (DWI) conviction from the City of Edmundson, Missouri. The district court[1] sentenced Walters to 140 months imprisonment and 5 years of supervised release, which was below the advisory guideline range. Walters appeals, arguing that the district court erred in ruling that the government established the 2001 DWI conviction by a preponderance of the evidence. We affirm.

In January 2012 Walters pled guilty to two counts of conspiracy to possess and distribute more than five kilograms of crack cocaine. The probation office prepared a presentence investigation report (PSR) that estimated a criminal history category of II based on two criminal history points. One of these points was assigned for a 2001 DWI conviction in the municipal court of Edmundson, Missouri. After Walters contacted the clerk of that court to obtain the records of his conviction and received a response indicating that the original records had been destroyed, he raised an objection with the probation office and denied that he had been convicted of the 2001 Edmundson DWI. Before sentencing the City of Edmundson discovered that the official files had been misplaced rather than destroyed, and copies of the official record were sent to the parties.

At his initial sentencing hearing Walters continued to object. The district court overruled the objection and sentenced him to two concurrent terms of 140 months imprisonment and 5 years supervised release. Walters appealed, and the government

_____
[1] The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

voluntarily moved to remand for resentencing, conceding that it should have been required to provide evidence to support the assessment of the criminal history point.

On remand the government put into evidence a certified copy of the municipal court record from the 2001 Edmundson DWI conviction, including the police report from the arrest, printouts from the computerized criminal history database, and a copy of the criminal judgment bearing the signature "Donald Walters." These documents describe a man named "Donald Walters" with a social security number, date of birth, and height identical to that of the man now before this court. The police report also provides a physical description that states in full, "TAT[.] L WRIST FLAMES "MY HOLE [sic] CREW MAKES G'S["] SHOT 18 TIMES DEEP SCAR ON STOMACH BULLET HOLES IN BACK, LEGS,[]CHIN,[]MISSING RIGHT FORE FINGER."

At the resentencing hearing Allison Redfern, the probation officer who completed the presentence investigation of Walters and prepared the PSR, testified that she had obtained the information for the report through direct interviews with Walters. The PSR describes Walters as having several tattoos including "a tribal band" on his left wrist and "My Whole Crew" and "Makes Gs" on his left arm. The PSR further states that Walters "has bullet wound scars on his abdomen, back and left leg" and is "missing his right ring finger as a result of being shot." When questioned about the 2001 Edmundson DWI records, Redfern explained that she was originally told the records were destroyed but that they were subsequently located. She testified that the records were certified and that some documents bore a signature of "Donald Walters" "similar" to the signature on Walters' PSR in this case.

Redfern acknowledged that she did not talk to the officer or attorney involved in the 2001 DWI arrest and conviction, and that the DWI records did not contain a booking photograph or fingerprints of the individual arrested. She also confirmed that at the time of arrest the individual did not have a driver's license but rather produced a summons from another municipality as proof of identification. Walters' former wife, Sherenta LaGayle Walters, testified that she did not recall receiving a call from the Edmundson police department at the time of the 2001 DWI arrest, nor

did she recall Walters ever mentioning a DWI arrest from 2001. She admitted, however, that Walters had hid some things from her while they were married. Walters introduced a 2008 REGIS report that discussed the computer system's use of auto fill in populating police records. He offered no evidence to demonstrate that the auto fill function was available in 2001.

The court concluded that "all of the evidence about being shot, about height, weight, all those things are . . . totally consistent with identifying [the person convicted in Edmundson] with [Walters]." The court again sentenced Walters to two concurrent terms of 140 months imprisonment and 5 years supervised release, below his guideline range of 151 to 188 months. Walters appeals, disputing the 2001 Edmundson criminal history point because the record lacked fingerprints, a photograph, or testimony from the arresting officer.

When a defendant contests a criminal history point in the PSR, the government has the burden of establishing the conviction by a preponderance of the evidence. United States v. Hammer, 3 F.3d 266, 273 (8th Cir. 1993). The sentencing court can consider evidence that does not satisfy the rules of evidence as long as it "has sufficient indicia of reliability to support [its] probable accuracy." United States v. Bastian, 603 F.3d 460, 466 (8th Cir. 2010) (quoting United States v. Fleck, 413 F.3d 883, 894 (8th Cir. 2005)).

Walters first challenges the reliability of the government's evidence. We review a district court's reliability determination for abuse of discretion. United States v. Ortiz, 636 F.3d 389, 393 (8th Cir. 2011). The Edmundson records bear strong "indicia of reliability." See Bastian, 603 F.3d at 466. Certified records are not necessary to prove a prior conviction, but where provided they are "generally sufficient." See United States v. Stobaugh, 420 F.3d 796, 803 (8th Cir. 2005). The records submitted here were certified by the Edmundson municipal court clerk and corroborated by printouts from the computerized records database. Moreover, the court records include a copy of the judgment signed by "Donald Walters." Cf. United States v. Rodriguez, 711 F.3d 928, 940 (8th Cir. 2013). The district court did not

abuse its discretion in finding these court records were reliable evidence of the previous conviction.

Walters next argues that the district court erred in finding that he was the same individual convicted of the 2001 Edmundson DWI, stating that the proof is insufficient in the absence of fingerprints, a photograph, or a testifying witness involved in the arrest or conviction. A district court's decision regarding an offense counted in a criminal history calculation is a factual determination subject to clear error review. United States v. Paden, 330 F.3d 1066, 1067 (8th Cir. 2003). The district court did not clearly err here. The arrest report contained a name, social security number, date of birth, and height, identical to those of Walters. The records also describe (1) eighteen bullet wounds, (2) a missing finger on the right hand, (3) a tattoo on the left wrist, and (4) tattoos that read "My Whole Crew" and "Makes Gs", each of which closely match Walters' current physical appearance. Moreover, the signature on the 2001 judgment is "similar" to that of Walters.

On this record the district court did not clearly err by finding that Walters was the individual convicted of the 2001 Edmundson DWI. Accordingly, we affirm the judgment of the district court.

_____