**UNITED STATES of America, Appellee,**

v.

**Maurice CONNOR, Defendant–Appellant.**

**No. 61, Docket 89–1630.**

United States Court of Appeals, Second Circuit.

Argued Sept. 13, 1991.

Decided Oct. 21, 1991.

---

David A. Lewis, New York City (Legal Aid Soc., on the brief), for defendant-appellant.

Jeffrey B. Sklaroff, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty. and Helen Gredd, Asst. U.S. Atty., on the brief) for appellee.

Before KAUFMAN, NEWMAN, and PRATT, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

Maurice Connor appeals from the November 28, 1989, judgment of the District Court for the Southern District of New York (John F. Keenan, Judge) convicting him, on his plea of guilty, of two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (1988), and sentencing him to two concurrent terms of ten years' imprisonment, five years' supervised release, and special assessments totalling $100. On appeal, Connor contends that the District Judge erred in classifying him as a career criminal offender; this increased his guideline range of 63–78 months to 210–262 months, from which Judge Keenan departed downward to 120 months because of Connor's cooperation with the Government. Connor argues that he lacked the requisite number of predicate convictions for career offender treatment because his two prior convictions for armed bank robbery were "functionally consolidated" and part of a common scheme or plan, and because a young adult offender sentence imposed pursuant to 18 U.S.C. § 4216 (repealed) cannot be used as a career offender predicate. We affirm.

Connor pled guilty to two counts of armed bank robbery. One robbery occurred at a Manhattan branch of the Dime Savings Bank on January 6, 1989, and the other occurred at a Manhattan branch of

Citibank on January 17, 1989. The predicate offenses used for career offender sentencing were a 1985 federal conviction for armed robbery of another Manhattan branch of Citibank on March 19, 1984, and two 1985 New York state court convictions for armed robbery of a Manhattan branch of the Chemical Bank on January 26, 1984, and armed robbery of a Manhattan branch of the Metropolitan Savings Bank on February 1, 1984. For the 1985 federal conviction, Connor was sentenced as a young adult offender pursuant to 18 U.S.C. § 4216, which has since been repealed. Since the two state court convictions were consolidated for sentencing, the District Court in the pending case properly counted them as a single prior felony conviction for purposes of career offender status. *See* U.S.S.G. §§ 4A1.2(a)(2), 4B1.2(3).

■ Connor's contention that his two prior armed robbery convictions were functionally consolidated is without merit. He points out that his two prior convictions (the federal offense and the two state offenses consolidated for sentencing) were the product of a single arrest by federal authorities, were investigated jointly by state and federal authorities, and resulted in concurrent sentences of the same length, and contends that their separate status as federal and state convictions was simply the accidental result of how prosecutions were allocated between state and federal authorities. However, we have ruled that courts will not inquire into whether consolidation would have occurred if all offenses had been prosecuted by the same prosecuting authority. *See United States v. Chartier,* 933 F.2d 111 (2d Cir.1991). As we there observed, "[T]he inquiry into whether consolidation would have occurred is too speculative to be an ingredient of a guideline system that should promote certainty of results." *Id.* at 116. That ruling was not limited to offenses occurring within two different states and is applicable here, where the defendant was sentenced on two distinct dates by two separate sovereigns to two distinct terms of imprisonment. Connor is entitled to and received the benefit the Guidelines provide because the two state offenses were consolidated for sentencing, but he is not entitled to a further benefit, not provided in the Guidelines, on speculation as to what might have happened to the prior federal offense had it been prosecuted by state authorities.

■ The District Judge did not err in finding that the offenses underlying Connor's prior convictions were not part of a common scheme or plan. Judge Keenan found that the robberies were committed on different dates, by different participants, using differing methods. The Judge's conclusion that these offenses were distinct is not clearly erroneous. *See United States v. Vazzano,* 906 F.2d 879 (2d Cir.1990) (district court's determination that offenses are part of same course of conduct or common scheme is fact-intensive evaluation to be reviewed under "clearly erroneous" standard).

■ Equally unpersuasive is Connor's suggestion that his 1985 federal offense cannot be a predicate conviction for career offender status because sentencing as a young adult offender does not constitute an adult conviction for purposes of the Guidelines. A career offender includes a defendant who has at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1. *See United States v. Chartier,* 933 F.2d at 113. The commentary to section 4B1.2 specifies that these must be prior adult convictions and that courts are to apply the definitions and instructions set forth in section 4A1.2 (criminal history) in counting convictions to determine career offender status. U.S.S.G. § 4B1.2, comment. (nn. 3, 4). That section provides detailed instructions for determining the criminal history points to be assigned to convictions for offenses committed prior to age eighteen. *See id.,* § 4A1.2(d) & comment. (n. 7). The plain implication is that convictions for all offenses committed when the defendant was eighteen or older are to be considered adult convictions for purposes of the criminal history category determination. Connor was twenty-five years old at the time he committed the 1985 predicate offense. Under the definition

supplied by the Guidelines, it was an adult conviction for the purpose of determining career offender status.

The judgment of the District Court is affirmed.