**UNITED STATES of America,
Appellee,**

v.

**Herman BROTHERS, Defendant–
Appellant.**

**Docket No. 01–1158.**

United States Court of Appeals,
Second Circuit.

Submitted: Dec. 10, 2002.

Decided: Jan. 07, 2003.

Scott Brettschneider, Kew Gardens, NY, for Defendant–Appellant.

Andrew J. Frisch, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, of counsel, Alan Vinegrad, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Before OAKES, CABRANES, and KATZMANN, Circuit Judges.

PER CURIAM.

The instant appeal raises a narrow question—whether the District Court erred when it determined that defendant's two prior robbery convictions were not "related," thereby rendering defendant a "career offender" subject to an enhanced sentence under § 4B1.1 of the Sentencing Guidelines.[1] Because we agree that defendant's two prior convictions were not "related" within the meaning of the Guidelines, either as part of a "common scheme or plan" or as convictions that were "consolidated for sentencing," we affirm the judgment of the District Court.

## I. Factual Background

Defendant Herman Brothers was a principal in a narcotics organization that operated in Queens and Brooklyn during the late 1980s. When a warrant for Brothers's arrest was issued in 1988, Brothers fled the jurisdiction and remained a fugitive until he was apprehended in Baltimore in 1997 and returned to New York for trial. After a jury trial in the United States District Court for the Eastern District of New York (Edward R. Korman, *Chief Judge*), Brothers was convicted on February 20, 1998 of one count of conspiring to

---

1. U.S.S.G. § 4B1.1 states in relevant part: "A defendant is a career offender if ... the defendant has at least two prior felony convic- tions of either a crime of violence or a controlled substance offense."

possess heroin, cocaine base, and cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. On February 19, 1999, Brothers was sentenced to 360 months of imprisonment. After the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Brothers was resentenced on February 9, 2001 to 240 months of imprisonment.

At defendant's resentencing hearing, the District Court determined that Brothers should be classified as a "career criminal" because, prior to the criminal acts of which he stood convicted, Brothers had been convicted of two *separate* robberies: an August 23, 1984 robbery in which he and three accomplices forcibly removed property from a victim, and a robbery on September 27, 1984, in which Brothers and two other assailants assaulted an individual as he got out of his car, punched him in the face, and robbed him of cash, credit cards, a watch, and identification. Brothers was initially arrested for the second of the two robberies. He pleaded guilty to that offense during a proceeding in which the state judge told him that he would be sentenced to one-half to four-and-one-half years in prison. Before sentencing, however, Brothers was also charged with having committed the first of the two robberies. Brothers pleaded guilty to the additional robbery before the same judge and, in a single sentencing proceeding, the judge sentenced Brothers to a two to six year concurrent sentence for both crimes.

The District Court rejected Brothers's argument that he should not be considered a "career offender" because his two prior robbery convictions were related as part of a "common scheme or plan," or because the offenses were "consolidated for sentencing." The Court found that the crimes were not sufficiently factually related to be considered consolidated for sentencing. In making such a finding, the Court also implicitly rejected defendant's argument that the crimes arose out of a "common scheme or plan." The Court sentenced Brothers as a "career offender" and sentenced him to a term of 240 months of imprisonment.[2]

## II. Discussion

Section 4B1.1 of the Sentencing Guidelines, along with the definitions set forth in U.S.S.G. § 4B1.2, provide that a defendant is a "career offender" if, along with other criteria that are clearly met in this case, he has at least two *separate* prior felony convictions of a crime of violence or a narcotics offense. U.S.S.G. §§ 4B1.1, 4B1.2(c). Only prior sentences in *unrelated* cases count as separate convictions for the purposes of § 4B1.1. *Id.* § 4A1.2(a)(2). Prior convictions are related if "they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." *Id.* § 4A1.2, Appl. Note 3. At defendant's sentencing hearing, the District Court found that defendant's two prior robbery convictions were not "related," because they were neither (1) part of a common scheme or plan, nor (2) consolidated for sentencing.

■ Although it is not intuitively apparent what standard of review should apply to a District Court's determination that

2. The court made the same determination that defendant was a "career offender" at defendant's original sentencing hearing prior to *Apprendi*. At that hearing, the issue was explored in far less detail because, as counsel acknowledged, a change of five points in his criminal history category at that time "[would not have done] him any good." Because only defendant's second sentence is presently before us on appeal, we focus only on what transpired at defendant's second (resentencing) hearing.

two prior convictions were not "related," our own precedents and recent Supreme Court precedent make clear that we are required to review such determinations deferentially for clear error. In *Buford v. United States*, 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001), the Supreme Court held that the determination whether two crimes are functionally " 'consolidated for sentencing,' and hence 'related,' " *id.* at 61, 121 S.Ct. 1276, should be reviewed deferentially because the determination is "bounded by[ ] case-specific detailed factual circumstances," *id.* at 65, 121 S.Ct. 1276. We have similarly held that "[w]e review a district court's finding as to whether prior convictions are factually related for clear error." *United States v. Mapp*, 170 F.3d 328, 338 & n. 15 (2d Cir.1999); *see United States v. Patasnik*, 89 F.3d 63, 74 (2d Cir.1996); *United States v. Gelzer*, 50 F.3d 1133, 1143 (2d Cir.1995). *But see United States v. Keller*, 58 F.3d 884, 894 (2d Cir. 1995) (holding, prior to having been superseded by *Mapp*, that the determination of factual relatedness is subject to *de novo* review); *United States v. Lopez*, 961 F.2d 384, 386 (2d Cir.1992) (same).[3]

## A. Common Scheme or Plan

We find no error, much less clear error, in the District Court's finding that defendant's prior convictions were not part of a "common scheme or plan." Although the Court did not expressly use the language "common scheme or plan" in examining defendant's claims, it unambiguously found that defendant's crimes were not closely factually related. The District Court stated as follows:

> It doesn't seem to me that these two cases are factually related in general, and particularly for the purpose for which we are considering them right now. . . .

> They were weeks apart. They involved different victims, different people, at least in terms of one involved two, the other involved three, and it seems to me, for the reason why we are asking the question in particular that they are not related.

Tr. of 2/9/01 at 34–35.

■ The Guidelines offer no definition of the term "common scheme or plan." *See United States v. Breckenridge*, 93 F.3d 132, 138 (4th Cir.1996). However, among the relevant factors in determining whether various convictions are part of a "common scheme or plan," are the following: (1) the time period within which the offenses took place, *see United States v. Rappaport*, 999 F.2d 57, 60 (2d Cir.1993); *United States v. Connor*, 947 F.2d 1018, 1020 (2d Cir.1991); (2) the participants involved, *see United States v. LaBarbara*, 129 F.3d 81, 86 (2d Cir.1997); *United States v. Chartier*, 970 F.2d 1009, 1016 (2d Cir.1992); *Connor*, 947 F.2d at 1020; (3) the victims targeted, *see United States v. Bauers*, 47 F.3d 535, 538 (2d Cir.1995); *Rappaport*, 999 F.2d at 60; *Chartier*, 970 F.2d at 1016; (4) the motive, *see LaBarbara*, 129 F.3d at 86; *Chartier*, 970 F.2d at 1016; (5) the *modus opperandi*; *see Rappaport*, 999 F.2d at 60; *Connor*, 947 F.2d

---

**3.** We note the District Court's view that *de novo* review would be preferable. At sentencing, Chief Judge Korman stated: "I believe my finding should not be given any deference," Tr. of 2/9/01 at 36, and he expressed his view that "once you know what actually happened, what the underlying facts are, whether it is related, it seems to me, is a question of law that should be subject to *de novo* review, not that I could reach one conclusion on the same facts and Judge Glasser, in the opposite courtroom, could reach another," *id.* at 21. Notwithstanding the District Court's opinion, our standard of review is dictated by the binding precedents we note in the body of the opinion, which require a deferential standard of review.

at 1020; (6) the geographic location of the crimes, see *Rappaport*, 999 F.2d at 60; (7) the substantive offenses committed, see *LaBarbara*, 129 F.3d at 86; *Bauers*, 47 F.3d at 538; (8) whether the acts were uncovered by a common investigation, *United States v. Shewmaker*, 936 F.2d 1124, 1129 (10th Cir.1991); and (9) whether the offenses were jointly planned, see *Chartier*, 970 F.2d at 1016.

■ In considering these factors, it is clear that the District Court's finding that defendant's crimes were not related, and thus could not be part of a "common scheme or plan," was not erroneous. Other than the fact that both of defendant's convictions were for robberies in Brooklyn, none of the other factors weigh in defendant's favor. Although both crimes may have been motivated by greed, this link between the two robberies is insufficient to establish a common scheme or plan. See *LaBarbara*, 129 F.3d at 86; *Chartier*, 970 F.2d at 1016. The two robberies took place five weeks apart. The participants involved in the two robberies were different, as one robbery involved defendant and three accomplices, while the other involved only two accomplices. The victims targeted were different persons. The state trial court entered separate judgments for each conviction. Defendant, who bears the burden of proving that the crimes were part of a common scheme, see *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir.1992), has presented no evidence with respect to the specific manner in which the crimes were carried out (beyond the fact of unarmed forcible theft), the planning of those crimes, or the investigations that led to defendant's arrest. Defense counsel has suggested only that the crimes were part of the same crime spree over a period of approximately a month, in which defendant and others committed several robberies.

Such a "crime spree" argument is insufficient. See *Gelzer*, 50 F.3d at 1143.

**B. Consolidated for Sentencing**

■ In finding that defendant's crimes were not factually related, the District Court also determined that defendant's crimes could not be considered "consolidated for ... sentencing" within the meaning of U.S.S.G. § 4A1.2 Appl. Note 3. We have repeatedly held that two cases will not be considered "consolidated for ... sentencing" unless the two cases are closely factually related. See *United States v. Napoli*, 179 F.3d 1, 16 (2d Cir.1999); *Mapp*, 170 F.3d at 338; *Gelzer*, 50 F.3d at 1143; *Rappaport*, 999 F.2d at 60; *Patasnik*, 89 F.3d at 74; *Lopez*, 961 F.2d at 386–87. The District Court made the well-supported finding, detailed above, that defendant's crimes were essentially separate and unrelated. Accordingly, the District Court correctly held that defendant's convictions could not be considered to have been "consolidated for ... sentencing," and defendant's sentence is affirmed.

\* \* \*

We have reviewed the sentencing transcript, as well as the arguments in defendant's brief. For the reasons set forth above, the judgment of the District Court is affirmed.