SUMMARY ORDER
Defendant Joseph E. Lambert, Jr., who pleaded guilty to one count of armed bank robbery, see 18 U.S.C. § 2113(a), (b), and who was sentenced to a term of 188 months in prison, the low end of his Sentencing Guidelines range, challenges his sentence on the grounds that the district court (1) incorrectly found him to be a “career offender” under U.S.S.G. § 4Bl.Ua),[1] and (2) failed to consider the parsimony clause of 18 U.S.C. § 3553(a).
In the aftermath of United States v. Booker, we review sentences for “reasonableness,” 543 U.S. 220, 262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), “a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is ‘inside, just outside, or significantly outside the Guidelines range.’ ” United States v. Jones, 531 F.3d 163, 170 (2d Cir.2008) (quoting Gall v. United States, 552 U.S. 38, -, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). Our review proceeds in two steps: first we must “ascertain whether the sentence was administered without procedural error,” United States v. Williams, 524 F.3d 209, 214 (2d Cir.2008); and second, if the sentence is “procedurally sound,” we must “consider [its] substantive reasonableness,” Gall v. United States, 128 S.Ct. at 597, by evaluating “whether the District *393 Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) factors supported” the sentence imposed, id. at 600.
In applying reasonableness review to this case, we assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
1. Career-Offender Challenge
Lambert argues that the district court committed procedural error by applying a “career offender” enhancement to the calculation of his Sentencing Guidelines range. See U.S.S.G. § 4B 1.1(a). Specifically, Lambert asserts that his New Jersey and New Hampshire convictions for bank robberies did not qualify as “two prior felony convictions,” id., because the robberies at issue were “part of a common scheme or plan” with “no intervening arrest.” Appellant’s Br. at 13; see U.S.S.G. § 4A1.2 cmt. n. 3.
We review a district court’s factual finding regarding the relatedness of offenses for clear error. United States v. Brothers, 316 F.3d 120, 123 (2d Cir.2003); see generally United States v. Selioutsky, 409 F.3d 114, 119 (2d Cir.2005) (stating that mixed questions of law and fact that are “predominantly” factual are reviewed for clear error). We identify no such error in this case. Although some of the factors specified in United States v. Brothers, 316 F.3d at 122, as relevant to a relatedness analysis under § 4A1.2, weigh in Lambert’s favor, the district court acted well within its discretion in concluding that others did not. The district court explained that the 13 prior bank robberies underlying Lambert’s two convictions “involved a fairly extended period of time,” as well as a “wide geographic area.” Sentencing Tr. at 25. “Most significantly,” the district court found that Lambert’s 13 prior bank robberies were not “jointly planned”; rather, individual robberies were committed on the spur of the moment on an “as needed” basis. Sentencing Tr. at 25-26. Given these findings, the district court reasonably concluded that the two convictions stemming from the robberies should not be viewed as part of a “common scheme or plan.” U.S.S.G. § 4A1.2 cmt. n. 3; see also United States v. Brothers, 316 F.3d at 122. Accordingly, it properly applied the career-offender enhancement to Lambert’s Guidelines calculation.
2. Parsimony-Clause Challenge
Relying on United States v. Ministro-Tapia, 470 F.3d 137 (2d Cir.2006), Lambert argues that the district court committed further procedural error by failing to consider whether a non-Guidelines sentence would have been sufficient to do justice consistent with the parsimony clause of 18 U.S.C. § 3553(a).
The record defeats Lambert’s argument. The district court expressly stated that it had “fully considered” Lambert’s request for a downward departure and concluded that none was warranted in light of the totality of the circumstances. Sentencing Tr. at 52-53. Before reaching that conclusion, the district court said that it had considered the Sentencing Guidelines’ purpose to provide just punishment, and it explained the need for a sentence that, inter alia, promoted specific and general deterrence. See id. at 51-52. This is sufficient to demonstrate the district court’s discharge of its consideration obligations under § 3553(a), see United States v. Fleming, 397 F.3d 95, 100 (2d Cir.2005) (“[N]o specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to ‘consider’ matters relevant to sentencing.”), including its consideration of the parsimony clause, see Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2467, 2469, 168 L.Ed.2d 203 (2007).
*394 United States v. Ministro-Tapia, 470 F.3d 137, requires no different conclusion. There, we noted that “if a district court were explicitly to conclude that two sentences equally served the statutory purpose of § 3553, it could not, consistent with the parsimony clause, impose the higher.” Id. at 142 (emphasis added). Because Lambert points us to no evidence that the district court had reached such a conclusion, either explicitly or implicitly, and because the record is, in fact, to the contrary, we identify no merit in this procedural challenge.
To the extent Lambert’s argument might be construed as a challenge to the substantive reasonableness of his sentence, we are not persuaded that his Guidelines sentence falls outside the broad range of choices available to the district court. See Rita v. United States, 127 S.Ct. at 2464-65; United States v. Jones, 531 F.3d at 174.
The judgment of conviction is AFFIRMED.

. Because Lambert's pre-sentence report was based on the November 1, 2006 version of the Sentencing Guidelines manual, all references to the manual are to that version.