*United States v. April*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-one.

Present:
>	DEBRA ANN LIVINGSTON,
>		*Chief Judge*,
>	ROSEMARY S. POOLER,
>	WILLIAM J. NARDINI,
>		*Circuit Judges*.

---

UNITED STATES OF AMERICA,

>		*Appellee*,

>	v.							20-1136

JAKEEM APRIL,

>		*Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | MOLLY CORBETT, James P. Egan, Assistant Federal Public Defenders, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, NY. |
| For Appellee: | PAUL D. SILVER, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney, Northern District of New York, Albany, NY. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED in part**, **and REMANDED in part.**

Defendant-Appellant Jakeem April ("April") appeals from a judgment of conviction entered by the United States District Court for the Northern District of New York (Mordue, *J.*) on March 16, 2020, sentencing him to 41 months' imprisonment to run concurrently with a New York State sentence, as well as a six-year term of supervised release. On appeal, April contends that the district court erred by (1) determining that the conduct underlying two of his New York State drug-related convictions was not relevant conduct to his federal offense, instead counting the convictions towards his criminal history score; (2) designating the commencement of his sentence as the date of his initial appearance in federal court; and (3) sentencing him to a six-year term of supervised release without determining whether his prior conviction qualified as a "felony drug offense" resulting in an enhanced sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A. Relevant Conduct**

"Under the Guidelines, a defendant's base offense level is determined based on 'relevant conduct.'" *United States v. Burnett*, 968 F.2d 278, 280 (2d Cir. 1992). Conduct that is "relevant" does not count as part of a defendant's criminal history. *See* U.S.S.G. § 4A1.2 cmt. n.1. "Relevant conduct" includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid

detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1); *see United States v. Broxmeyer*, 699 F.3d 265, 282 (2d Cir. 2012). It further includes, "with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).

We review challenges to a district court's determination of whether particular acts are relevant conduct for purposes of a sentencing calculation for clear error. *United States v. LaBarbara*, 129 F.3d 81, 86 (2d Cir. 1997); *see also United States v. Giraldo*, 80 F.3d 667, 679 (2d Cir. 1996) (explaining that the determination of "whether several transactions are part of the same course of conduct is a factual one, and the district court's finding may not be overturned unless it is clearly erroneous"); *United States v. Chartier*, 970 F.2d 1009, 1015 (2d Cir. 1992) (same with respect to determinations of whether conduct is "part of a common scheme or plan"). A defendant bears the burden of demonstrating that conduct is relevant. *See United States v. Brothers*, 316 F.3d 120, 124 (2d Cir. 2003) (per curiam).

On March 12, 2020, the district court sentenced April after he pled guilty to a one-count indictment charging him with distributing heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The indictment resulted from April's November 17, 2017 sale of approximately 25 grams of heroin to a confidential informant in Schenectady, New York. On appeal, April argues that the district court erred by determining that two of his state court convictions were not relevant conduct to his federal conviction for purposes of his sentencing.[1] We disagree.

---

[1] These two state court convictions stemmed from two separate arrests. April was arrested on July 7, 2018 in the Town of Niskayuna, New York and charged with possession of cocaine and marijuana. He pled guilty in Schenectady County Court to third-degree attempted criminal possession of a controlled substance on December 11, 2018. April was also arrested on September 5, 2018 in Glens Falls, New York

First, April has not demonstrated that his prior convictions were connected to his present offense conduct by a "common scheme or plan." U.S.S.G. § 1B1.3(a)(2). Application note 5(B)(i) to U.S.S.G. § 1B1.3 provides that "[f]or two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*." This court has likewise stated that courts may consider a number of relevant factors as evidence that conduct was connected by a "common scheme or plan," including: "(1) the time period within which the offenses took place, (2) the participants involved, (3) the victims targeted, (4) the motive, (5) the *modus operandi*, (6) the geographic location of the crimes, (7) the substantive offenses committed, (8) whether the acts were uncovered by a common investigation, and (9) whether the offenses were jointly planned." *Brothers*, 316 F.3d at 123-24 (internal citations omitted).

Here, April has provided no evidence that his drug sales were jointly planned or executed, that they were carried out through common means and with common accomplices, or that they involved similar participants. *Id*. April's convictions were also not closely related in terms of timing and geography, and they were not uncovered by a common law enforcement exercise. *Id.* While April nonetheless argues that his offenses were connected by virtue of a common purpose— helping him fund his drug addiction—this purpose is insufficiently specific to support a finding of a common scheme or plan. *See LaBarbara*, 129 F.3d at 87 ("The fact that [the defendant] was personally enriched by the two sets of crimes is not by itself enough to establish a common scheme or plan."). *Cf. United States v. Gelzer*, 50 F.3d 1133, 1143 (2d Cir. 1995) (explaining that "criminal

---

for criminal possession and sale of cocaine occurring on May 31, 2018. In connection with that arrest, April pled guilty to third-degree attempted criminal sale of a controlled substance on February 13, 2019 in Warren County Court.

behavior prompted by the same root causes of criminal deviance" is insufficient to constitute a "common scheme or plan" for purposes of the career offender provision); *Chartier*, 970 F.2d at 1016 ("The mere fact, however, that, in engaging in a pattern of criminal behavior, the defendant has as his purpose the acquisition of money to lead a particular lifestyle does not mean either that he had devised a single common scheme or plan [for the purposes of the career offender provision] or, if he had, that his course of conduct was necessarily part of it."). Accordingly, we conclude that April has not met his burden of showing a "common scheme or plan" connecting his present offense conduct with his state court convictions. *See United States v. Bryant*, 571 F.3d 147, 160 (1st Cir. 2009) (recognizing the "important limiting principle that not every drug transaction undertaken by every drug trafficker is necessarily linked in a meaningful sense" when determining relevant conduct (internal quotation marks omitted)).

Second, April has not demonstrated that his offenses were part of the "same course of conduct." U.S.S.G. § 1B1.3(a)(2). Application note 5(B)(ii) to U.S.S.G. § 1B1.3 provides that "[o]ffenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." Factors relevant to this determination include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.*; *see United States v. Shonubi*, 998 F.2d 84, 89 (2d Cir. 1993) (explaining that when determining whether a defendant has been engaging in the "same course of conduct," courts "look[] to see if the defendant has been engaged over time in an identifiable pattern of criminal conduct"). However, "[w]hen one of the above factors is absent, a stronger presence of at least one of the other factors is required." U.S.S.G. § 1B1.3 cmt. n.5(B)(ii).

Here, April points to few similarities in his conduct to suggest "regularity," *id.*, and "an identifiable pattern of criminal conduct," *Shonubi*, 998 F.2d at 89. *Cf. Santiago*, 906 F.2d at 873 (finding the defendant's drug sales to be part of the same course of conduct where, despite the passage of eight months, the defendant had made 13 sales to the same buyer and routinely met in the same place to carry out the sales); *United States v. Colon*, 961 F.2d 41, 43 (2d Cir. 1992) (finding "same course of conduct" where the defendant stated that he sold 80 glassine envelopes every two or three days for a few years to support his addictions); *Shonubi*, 998 F.2d at 89 (defendant made eight trips to Nigeria during which he imported heroin). Indeed, there is no evidence that the drugs involved in each of April's convictions shared a common source, supplier, or destination. April has also not supplied details as to how he found his customers and executed his transactions. Further, more than six months transpired between April's offense conduct and the conduct prompting his state convictions. April has therefore not met his burden of showing that his offenses were connected as part of the "same course of conduct."

Accordingly, we conclude that the district court did not clearly err in determining that April's state convictions were not relevant conduct for purposes of sentencing.

## B. Sentence Enhancement

"We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Bleau*, 930 F.3d 35, 38 (2d Cir. 2019). "The abuse-of-discretion standard incorporates *de novo* review of questions of law (including interpretations of the Guidelines) and clear-error review of questions of fact." *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence

6

based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Sampson*, 898 F.3d 287, 311 (2d Cir. 2018). "Moreover, a district court errs if it fails adequately to explain its chosen sentence, and must include an explanation for any deviation from the Guidelines range." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

Title 21, Section 841(b)(1)(C) generally provides for a statutory maximum 20-year imprisonment term and a statutory minimum term of three years' supervised release. Where the defendant has a prior conviction for a "felony drug offense" that the government alleges in a 21 U.S.C. § 851 information, these penalties are increased to a 30-year statutory maximum sentence and a six-year minimum term of supervised release. *Id.* Here, April moved to dismiss the government's § 851 information on the grounds that his prior conviction was not for a "felony drug offense" within the meaning of the statute. The district court declined to address the issue, stating that because it "expect[ed] to issue Defendant a Guidelines sentence," "the application of the felony drug offense enhancement is irrelevant and moot." App'x at 71. However, the district court ultimately opted for a six-year term of supervised release at sentencing.

We agree with the parties that the district court's lack of reasoning for its above-Guidelines sentence of six years of supervised release merits remand. In this case, the district court did not acknowledge that it was imposing an above-Guidelines sentence. *See* 18 U.S.C. § 3553(c)(2) (explaining that when a sentence is imposed outside the Guidelines range, the court must state "with specificity in a statement of reasons form" "the specific reason" for the sentence imposed). Moreover, the record suggests that the district court may not have intended to impose an above-Guidelines term of supervised release at all, given its statements to the contrary. *See United States v. Seabrook*, 968 F.3d 224, 234 (2d Cir. 2020) ("The court did not explain why such a significant

7

variance was appropriate. Absent such an explanation, we cannot be certain that the court's calculus would not have been altered had it appreciated the full extent of the upward variance it was contemplating."). Alternatively, if the court intended to impose the six-year term in the belief that it was the statutory minimum term of supervised release, it was required first to consider April's motion to dismiss the § 851 information. *See* 21 U.S.C. § 851(c)(1) (stating that where a defendant denies an § 851 information, the district court "shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment" and "enter findings of fact and conclusions of law" at the request of either party).

In any event, the validity of the § 851 notice is not a moot or irrelevant question. As April correctly argues on appeal, the statutory maximum length of any revocation sentence, in the event of a violation of supervised release, is linked to the statutory maximum term of imprisonment on the offense of conviction. Here, April faces a maximum prison term of either 20 or 30 years for his violation of § 841(b)(1)(C), making his offense either a Class C or Class B felony under 18 U.S.C. § 3559. A Class C felony carries a maximum possible prison term of two years for a violation of supervised release, whereas a Class B felony carries a longer maximum of three years. 18 U.S.C. § 3583(e)(3). If, on remand, the government does not choose to withdraw the § 851 information, it will become necessary for the district court to determine whether it should be dismissed.

Accordingly, we remand to the district court with instructions to vacate April's sentence and, upon resentencing as to a term of supervised release, to make a merits determination on April's motion to dismiss the § 851 information if it remains in place; and in the event that the information is withdrawn or dismissed and the court imposes an above-Guidelines term of supervised release, to explain its reasons for doing so.

8

## C. Date of Sentence Commencement

Under 18 U.S.C. § 3585(a), a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Section 3585(b) provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The Bureau of Prisons ("BOP") has the responsibility for determining when a defendant's sentence commences and how much credit a defendant is to receive towards his sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998) (explaining that the "precise date" on which a sentence is to commence "is to be determined by the Bureau of Prisons").

Here, we agree with the parties that the district court erred in designating the date of the commencement of April's sentence. *See Labeille-Soto*, 163 F.3d 93 at 99; *United States v. Gonzalez*, 192 F.3d 350, 353 (2d Cir. 1999). In previous cases, we have remanded to the district court to correct this error. *See United States v. Gonzalez*, 192 F.3d at 353. The district court expressed its goal to credit April for his time in federal custody prior to the sentencing date. *See* App'x at 116 ("I want him to get the credit, that's what my goal is."). However, the district court attempted to do so through a procedurally improper method. Accordingly, remand is appropriate to enable the district court to reconsider its imposed sentence. *See United States v. Montez-Gaviria*,

163 F.3d 697, 703 (2d Cir. 1998) ("When the record is ambiguous as to whether a district court has allowed a mistake of law to affect its sentencing decision, we have regularly remanded to allow the court to reconsider its decision in light of our correction of the mistake.").

\*     \*     \*

We have considered April's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment as to its determination that April's prior New York State offenses did not constitute relevant conduct in the sentencing calculation and **REMAND** to the district court with the direction that it resentence April consistent with the guidance of this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk