*United States v. Kinsey*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-four.

Present:

> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.

RASHAWN WYNN, FKA Sealed Defendant #9, AKA Wormy, KEMNORRIS KINSEY, FKA Sealed Defendant #13, AKA Pep,

*Defendants-Appellants*.*†

22-2721-cr (L);
22-2875-cr (con)

---

For Appellee:

Nicolas Commandeur, Rajit S. Dosanjh, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

† This order resolves only Defendant-Appellant Kemnorris Kinsey's appeal, No. 22-2875 (con); Defendant-Appellant Rashawn Wynn's appeal, No. 22-2721 (L), will be resolved separately.

For Defendant-Appellant Kinsey:          Michelle A. Barth, Burlington, VT

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kemnorris Kinsey appeals from a judgment of the United States District Court of the Northern District of New York (Frederick J. Scullin, Jr., *District Judge*), entered on October 21, 2022, convicting him of one count of racketeering conspiracy, in violation of 18 U.S.C. §§ 1962(d) and 1963(a), following a guilty plea entered pursuant to a plea agreement. Kinsey was initially sentenced to 150 months of imprisonment, to be followed by three years of supervised release.  On appeal, this Court vacated Kinsey's sentence and remanded for resentencing because the district court committed plain error in determining Kinsey's offense level under United States Sentencing Guidelines § 2E1.1.  On remand, the district court imposed a sentence of 136 months of imprisonment, to be followed by three years of supervised release. Kinsey now appeals his new sentence, arguing that the district court committed procedural error by miscalculating his criminal history category.  We assume the parties' familiarity with the case.

We review a criminal sentence for procedural reasonableness "under a deferential abuse-of-discretion standard." *United States v. Hunt*, 82 F.4th 129, 142 (2d Cir. 2023).[1]  "This standard incorporates *de novo* review of questions of law, including our interpretation of the Guidelines, and clear error review of questions of fact." *United States v. Vinales*, 78 F.4th 550, 552 (2d Cir.

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

2023). "A sentence is procedurally unreasonable if the district court improperly calculates the Sentencing Guidelines range or selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *Hunt*, 82 F.4th at 142.

Kinsey argues that the district court erred by considering his 2015 New York conviction for seventh-degree possession of crack cocaine ("2015 Conviction")—which occurred during the time frame of the charged racketeering conspiracy—when calculating his criminal history category, resulting in an increase from V to VI. This was error, Kinsey contends, because the 2015 Conviction should have been treated as relevant conduct of the charged racketeering conspiracy, not as part of his criminal history. We disagree.

Under U.S.S.G. § 4A1.1, a defendant's "prior sentence[s]" are used to determine his criminal history category. A "prior sentence" is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The commentary to this Guidelines provision further explains that "[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." U.S.S.G. § 4A1.2, comment. (n.1). Once the government establishes that the defendant has a sentence that was imposed before sentencing for the present offense, the burden shifts to the defendant to show that the conduct underlying that sentence was relevant to the present offense and thus cannot be considered in the criminal history calculation. *See United States v. Brothers*, 316 F.3d 120, 124 (2d Cir. 2003) (holding that the defendant bears the burden of proving that his crimes were part of a common plan or scheme in the context of the career offender Guidelines enhancement); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("[T]hough the government generally has the burden of proving facts

3

upon which the requested penalties are predicated, we disagree that it has the burden of proving that the acts underlying a defendant's prior unconsolidated convictions were not committed as part of a single common scheme or plan.").

At resentencing, defense counsel renewed the argument that he had made at Kinsey's first sentencing that including the 2015 Conviction in the criminal history calculation was error because the conduct underlying that conviction was part of the racketeering conspiracy to which Kinsey pled guilty in the present case. The district court rejected this argument for two independent reasons: (1) reconsidering the criminal history category was outside the mandate of our remand for resentencing, and (2) the argument failed on the merits because the drugs underlying the 2015 Conviction were not referenced in the indictment or the plea agreement; the stipulated drug weight in the plea agreement was independently supported by other evidence in the record; and the 2015 Conviction was for the lowest degree of misdemeanor drug possession under New York law based on possession of a personal use quantity, whereas the racketeering conspiracy involved possession of large quantities with intent to distribute.

We agree with the district court that our mandate did not authorize it to revisit Kinsey's criminal history calculation. We remanded based on a single error—the inclusion of aggravated assault as "underlying RICO activity" in calculating Kinsey's offense level, *United States v. Hopper*, No. 19-3087-CR, 2022 WL 1566258, at *2 (2d Cir. May 17, 2022). Specifically, we stated that "we vacate Kinsey's sentence and remand for the purpose of recalculating his offense level and resentencing accordingly." *Id.* These narrow instructions stand in stark contrast with our much broader ruling on one of Kinsey's co-defendant's appeals, for which we directed a "remand for purposes of plenary resentencing." *Id.* at *5. Accordingly, our decision made clear that Kinsey's remand was for limited purposes; the district court was called upon to correct only

4

the error identified in his offense level and to impose a new sentence based on the rest of the Guidelines calculations previously made. *See United States v. Aquart*, 92 F.4th 77, 87 (2d Cir. 2024) (citing *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)).

Even if our mandate had been broader,[2] Kinsey's argument fails on the merits for the same reasons that it failed in his prior appeal. There, we held (albeit under plain error review) that the district court's decision to count the 2015 Conviction as a prior sentence "was not, as a factual matter, plainly erroneous." *Hopper*, 2022 WL 1566258, at \*2. We reasoned that seventh-degree misdemeanor possession of cocaine is not a racketeering predicate, *see* 18 U.S.C. § 1961(1), and that "[i]t was Kinsey's admitted involvement in drug trafficking, and not personal use or ownership of drugs, that was the focus of the conspiracy." *Hopper*, 2022 WL 1566258, at \*2. The question whether Kinsey possessed the drugs involved in the 2015 Conviction for personal use is a factual one, and we will overturn a district court's factual findings only for clear error—that is, where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Fisher v. Aetna Life Ins. Co.*, 32 F.4th 124, 136 (2d Cir. 2022). No such mistake occurred here.

We were, and remain, unpersuaded by Kinsey's arguments that the district court clearly erred in concluding that the 2015 Conviction did not involve possession of drugs with intent to distribute, which the charged racketeering conspiracy encompasses. Kinsey first points out that, during his presentence investigation interview, he denied personally using crack cocaine. As to

---

[2] In a footnote at the end of our previous decision in this case, we stated: "Upon remand, the District Court will be free to conduct any other such proceeding with regards to Kinsey . . . as may be required in the interest of justice." *Hopper*, 2022 WL 1566258, at \*6 n.6. We do not regard this catch-all language as undermining the limited nature of our remand, much less as authorizing a *de novo* resentencing. Instead, we simply confirmed the district court's authority to conduct any proceeding necessary to effectuate our remand. For the avoidance of all doubt, however, we explain above why Kinsey's arguments regarding his 2015 Conviction fail on the merits.

5

this contention, as this Court noted in the previous appeal, Kinsey's statement in his presentence interview

> simply relates what Kinsey chose to self-report to the probation office and is no guarantee of the statement's accuracy. And on that point, given the countervailing evidence in this case (namely, the PSR's findings as to the circumstances and nature of the 2015 Conviction), it would not have been plain error for the District Court to have declined to credit Kinsey's self-descriptions about his personal drug use in favor of the official police and court records to which it had access.

*Hopper*, 2022 WL 1566258, at *2 n.3. Defense counsel furnished his contemporaneous notes taken during this interview indicating that Kinsey attested to not having used crack cocaine, but this merely confirms that Kinsey made that statement; it does not corroborate the *accuracy* of that statement. Moreover, the facts surrounding the 2015 Conviction, further support the district court's finding that Kinsey possessed the drugs for personal use rather than for sale and distribution: the 2015 Conviction involved only a small quantity of drugs, and the drugs were discovered on the driver's seat and center console of his car and on his person. Kinsey also argues that in his plea agreement, he admitted that he possessed crack cocaine as part of the charged racketeering conspiracy. But as to this point, "Kinsey is missing any link between the 2015 Conviction and either the overt acts to which he pleaded guilty or the quantity of cocaine to which he stipulated." *Id.* at *2 n.4. Absent some evidence to the contrary, it does not follow that the personal use quantity underlying his 2015 Conviction was necessarily obtained pursuant to his participation in the racketeering conspiracy.

Accordingly, the district court again did not err in concluding that the conduct underlying Kinsey's 2015 Conviction was not part of the racketeering conspiracy[3] of which he was convicted

---

[3] Because we conclude that the 2015 Conviction was not relevant conduct, we do not reach Kinsey's arguments regarding Application Note 4 to U.S.S.G. § 2E1.1.

and consequently in considering that conviction when calculating his criminal history category.

*　　*　　*

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk